IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:12-CV-267-FL

| | |
|---|---|
| ALEXIA B. PLANKERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HENRY M. JACKSON FOUNDATION )<br>FOR THE ADVANCEMENT OF )<br>MILITARY MEDICINE, )<br>)<br>Defendant. ) | **JOINT CONSENT PROTECTIVE**<br>**ORDER** |

The parties move the Court pursuant to Federal Rule of Civil Procedure 26(c) for entry of this Joint Consent Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated. The parties mutually represent that this Joint Consent Protective Order is necessary due to the nature of documents sought in the discovery of this matter. Plaintiff is a former employee of Defendant who has brought the underlying action claiming violations of the ADA, the FMLA, and asserting a common law claim of wrongful discharge. In addition to her underlying assertion of being afflicted with a disability or serious medical condition, Plaintiff is asserting that she is owed damages for emotional distress. Thus, her confidential and private medical records will be at issue. Moreover, through the course of this litigation, Plaintiff may attempt to seek proprietary information pertaining to Defendant's business that is not readily available to the public. As such, the Consent Motion for Protective Order is **GRANTED**.

1

**IT IS THEREFORE ORDERED THAT:**

1. **General Scope of the Agreement**. This Joint Consent Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) medical records, psychiatric, and or mental health records, or other health related information; (b) personal information about Defendant's employees, including but not limited to: social security numbers, tax information, personnel records, and health insurance information; and (c) confidential or proprietary business information, personnel information, and personal information, including but not limited to income tax returns, balance sheets, profit and loss statements.

2. **Designation as Confidential.** Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.

3. **Procedure for Designating Information as Confidential.** The parties may designate "Confidential Materials" in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

(b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential";

(c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as "Confidential Material," counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as "Confidential."

(d) Each page of all personal medical records, psychiatric, and/or mental health records, or other health related information obtained and/or produced through discovery shall be deemed to be designated as "Confidential" as though marked in the manner described in paragraph (a) of this section, regardless of whether the records or information are so marked.

4. **Restricted Use of Information.**

(a) Documents/information designated as "Confidential" pursuant to paragraphs 1 through 3 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and actual trial of this action);

(ii) counsel for the parties, their staff members, and their professional and para-professional employees;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) the parties to this litigation, and officers or managers of a party who have a need to know the information for purposes of this litigation; or

(v) by mutual consent.

(b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person, or court personnel.

5. **Use of Confidential Materials in this Case.** Nothing in this Agreement shall prevent or impair the use by a party of "Confidential Materials" as set forth in paragraphs 1 through 4 of this Agreement in proceeding in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as

provided herein. To the extent a party anticipates the need to file any "Confidential Materials" with the court, that party shall provide written notice of the intent to file the document to the party that designated the material as "Confidential." To the extent the party designating the material as "Confidential" desires the "Confidential" material to be filed under seal, the party designating the material as "Confidential" shall move the Court for an order allowing filing of the document under seal within seven (7) days of receiving notice of the intent to file. If no motion to file under seal is filed within seven (7) days of receiving notice, the non-designating party may file the document with the court without sealing the document.

6. **<u>Documents Filed Under Seal</u>.** Each time a party seeks to file under seal confidential documents, things and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

(a) the exact documents, things and/or information, or portions thereof, for which filing under seal is requested;

(b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

(c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

(d) the reasons why alternatives to sealing are inadequate; and

(e) whether there is consent to the motion.

In addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

5

7. **Acknowledgment of Agreement.** All persons to whom material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive material pursuant to paragraph 5 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person other than Plaintiff and employees of Defendant, counsel of record, employees of counsel of record, the court and its personnel, and court reporters and their staff must execute the form attached hereto as **Exhibit A** prior to the disclosure of materials. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

8. **Inadvertent Disclosure.** In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, within twenty (20) days of discovery of the inadvertent production. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced.

9. **Challenging Confidentiality**. Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing is "Confidential" material. Counsel for the parties shall serve written notice of any objections to specific designations upon the other party within twenty (20) days of receipt of such information, documents or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel is unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No

6

disclosure of such information shall occur pending resolution of any dispute under this paragraph.

10. **Right to Object.** Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to "Confidential" material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

11. **Disclosure.**

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information; EXCEPT THAT any documents, material, or other information provided to a requesting party from a third-party upon the permission or release of the providing party shall be subject to this order as though provided directly from the providing party to the requesting party.

(b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated "Confidential" are sought.

12. **Return of Confidential Information.** All "Confidential" materials shall be returned to the producing party within ninety (90) days of the conclusion of this civil lawsuit,

including conclusion of any appeal. However, Defendant, at its election, may destroy the "Confidential" materials in the normal course of its business and in accordance with its document retention procedures.

13. **Modification of the Agreement.** In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Agreement.

14. **Protection of Copies.** All copies, extracts or summaries prepared from "Confidential" materials produced hereunder shall be subject to the same terms of this Agreement as the "Confidential" materials from which such copies, extracts or summaries were prepared, if properly designated.

15. **Notices.** Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

16. **Effective Date.** This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit.

**IT IS SO ORDERED.**

This the __1ST__ day of __FEBRUARY__, 2013.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Agreement Concerning Material Covered By A Protective
Order Entered In The United States District Court
For The Eastern District Of North Carolina

The undersigned hereby acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2013, in the civil action entitled *Alexia B. Plankers v. Henry M. Jackson Foundation For the Advancement of Military Medicine,* Civil Action No. 5:12-cv-267-FL, understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division, with regard to this Protective Order and understands (1) the violation of the Stipulated Consent Protective Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____                    _____
(Date)                                    (Signature)

AGREED this the 30th day of January, 2013.

          JACKSON LEWIS LLP

          BY:   /s/ *Matthew D. Duncan*
                 TED N. KAZAGLIS
                 N. C. State Bar No. 36452
                 MATTHEW D. DUNCAN
                 N. C. State Bar No. 35260
                 1400 Crescent Green, Suite 215
                 Cary, North Carolina 27518
                 Telephone: (919) 424-8600
                 Facsimile: (919) 854-0908
                 Email: kazaglis@jacksonlewis.com
                 Email: duncanm@jacksonlewis.com
                 *Attorneys for Defendant*

          TAIBI KORNBLUTH LAW GROUP, P.A.

          BY:   */s/ J. Michael Genest*
                 J. Michael Genest
                 N. C. State Bar No. 40703
                 3100 Tower Blvd., Ste 800
                 Durham, NC 27707
                 Telephone: (919) 401-4100
                 Facsimile: (919) 401-4104
                 Email: jmg@taibikornbluth.com
                 *Attorney for Plaintiff*

4850-8595-8674, v. 1